UNITED STATES OF AMERICA
    Plaintiff.

vs.                      CASE NUMBER: 8:16-CV-1614-T-27JSS

CHARLES R. LINDAHL
    Defendant.

_____/

## MOTION TO STRIKE RECORDS

COMES NOW, the Defendant, and files this Motion to Strike Records the Plaintiff has submitted as evidence, to wit:

1. In support of the foregoing Motion to Strike, attached hereto and incorporated herein by reference, Plaintiff's "Certificate of Indebtedness" "EXHIBIT B" constitutes hearsay evidence, and is therefore inadmissible. The report of another person's written assertion, by a witness, not based on personal knowledge, with no knowledge of validity, where an alleged review of records, that are not identified or furnished to the Defendant, is hearsay. (FS. Chapter 90.801)(Exhibit 5)

2. In support of the foregoing Motion to Strike, evidence of Business Records, can only be established by sworn testimony or affidavit of the Records Custodian of the original alleged creditor, Equibank N.A.

3. Plaintiff's "EXHIBIT B" affidavit contains unsupported assertions based on an alleged review of records that have not been identified or furnished to the Defendant. Assertions and speculations not based on personal knowledge with custody and control of student loan records, do not satisfy the business records exception to the hearsay rules, and are inadmissible. 803(6) Fed. R. Evid. (EXHIBIT 4)

4. Plaintiff's "EXHIBIT B", is the entire basis of alleged debt for Plaintiff's case. The alleged "Loan Analyst", Phillippe Gullion, credits zero dollars ($0.00) paid to the holder Equibank N.A., and that Defendant defaulted on 09/01/78. Defendant had just graduated, and was not obligated to begin a payment plan yet, yet it is alleged, that he was considered in default. EXHIBIT B states: "Due to this default, the guaranty agency paid a claim in the amount of $5800.00 to the holder. The guarantor was then reimbursed for that claim payment by the department under its reinsurance agreement." The guarantor collected from the Defendant payments in excess of the principal, yet did not credit Defendant. EXHIBIT B states "The guarantor was unable to collect the full amount due, and on 04/06/00, assigned its right and title to the loan to the Department." With the principal paid in full, interest accrual would not occur, Defendant denies these amounts are accurate, and maintains the alleged debt has been long since paid in full. Plaintiff's records are not current. Mr. Gullion does

not state he is familiar with Plaintiff's maintenance of student loan records, or that he is in custody and control of Defendant's records. Thirty nine (39) years have passed, and Defendant's bank records are not available, but the Court would be inequitable to leave Defendant with zero credit for those thirty nine (39) years.

5. Defendant specifically denies "EXHIBIT B" "Certificate of Indebtedness" is authentic or correct, demands proof of the correctness of, and authority to make, each allegation on the instrument. Where unsupported assertions not based on personal knowledge, but based on an alleged review of records, that are not available for Defendant to review, the burden of establishment of correctness and validity in on the person claiming the validity, the Plaintiff. per. F.S. § 673.3081 (1) (EXHIBIT 2)

6. Plaintiff did not notify Defendant as soon as practical after an alleged assignment was made, allegedly 04/06/2000. Defendant was not notified at any time, before being served with a lawsuit on June 21, 2016, but at least 30 days before any action to collect an alleged debt, as required by F.S. § 559.715, (EXHIBIT 3) thus invalidating any alleged assignment and lawsuit action, for failure to comply with the requirements of the statute.

WHEREFORE, all premises considered, it is respectfully requested that this Honorable Court grant the Motion to Strike Records, and deny the Plaintiff's Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Motion to Strike Records was mailed to Plaintiff's attorney at: Steven M Davis, Becker & Poliakoff, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134.

*Charles R. Lindahl* 2-6-2017

Respectfully submitted
Charles R. Lindahl, pro se
1103 Sedeeva Street
Clearwater, FL 33755
727-724-4099