UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         Case No: 8:16-CV-1614-T-27JSS

CHARLES R. LINDAHL,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion for Summary Judgment (Dkt. 8), and *pro se* Defendant's amended response (Dkt. 11). Upon consideration the Motion is DENIED.

I.     **UNDISPUTED FACTS**

This case is brought by the United States pursuant to 28 U.S.C.§ 1345 to recover funds expended for a student loan guaranteed by the Department of Education in accordance with Title IV-B of the Higher Education Act of 1965, as amended 20 U.S.C. § 1071, *et seq*.

Approximately forty years ago, Equibank N.A. made two student loans totaling $5,800.00 to Charles R. Lindahl, which were guaranteed by the Pennsylvania Higher Education Assistance Agency. To secure the loans, Lindahl executed promissory notes dated August 10, 1976 and September 2, 1977 which bear an interest rate of 7% per annum. (Dkt. 8-1). According to the Department of Education's Certificate of Indebtedness, Lindahl defaulted on his payment obligation on September 1, 1978. (Dkt. 8-2).

1

Lindahl's loan was reinsured by the United States Department of Education pursuant to Title IV-B of the Higher Education Act of 1965 and was assigned to the Department on April 6, 2000. (Dkt. 8-2). According to the Certificate of Indebtedness, as of March 16, 2016, the principal balance on the promissory notes was $5,800.00, and the accrued interest was $8,790.59. (Dkt. 8-2). Interest has continued to accrue on the principal at the rate of 7% per annum. The United States has also incurred a service fee of $45.00 (Dkt. 8-3) and attorney's fees in the amount of $1,100.00 (Dkt. 8-4).

## II.  STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a court shall grant a motion for "summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

However, once the movant has satisfied this burden, "[t]he burden then shifts to the nonmoving party to go beyond the pleadings and to present evidentiary materials designating specific facts that show a genuine issue." *Penaloza v. Target Corp.*, 2013 WL 5828008, *1 (11th Cir. 2013) (citing *Celotex*, 477 U.S. at 324). "When a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required." *Id.* (citing *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir.1981)). "A *pro se* [party] must still meet the essential burden of establishing that there is a genuine issue as to a fact material to [his] case." *Id.* (citing *Holifield*

2

*v. Reno*, 115 F.3d 1555, 1561 (11th Cir.1997)).

## III. DISCUSSION

"To recover on a promissory note for a federally-insured student loan, the United States is required to show: (1) the defendant signed the note; (2) the United States is the present owner and holder of the note; and (3) the note is in default." *United States v. Romero*, 562 F. App'x 943, 948 (11th Cir. 2014). Once the United States establishes a prima facie case, the burden shifts to Lindahl to show whether the government had properly credited his past payments. *United States v. Carter*, 506 F. App'x 853, 859 (11th Cir. 2013) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir.1975)).

In response to the United States' motion, Lindahl filed a response in opposition (Dkt.11), an Affidavit of Facts and Answer in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 12), an "Addendum" in which he contends the United States violated the Fair Debt Collection Practices Act (Dkt. 13), a motion to dismiss (Dkt. 14), and a motion to strike the Certificate of Indebtedness (Dkt.15).

In his affidavit, Lindahl avers that "Defendant lived in Pennsylvania after graduation from the University and made payments to the Pennsylvania Higher Education Assistance Agency (PHEAA) from 1978 till 1989, and believed the account of $5800.00 was paid in full" and that "[t]he guarantor collected from the Defendant payments in excess of the principal, yet did not credit Defendant", (Dkt. 12 ¶¶ 2, 10). He also denies executing any promissory notes to the Philadelphia Higher Education Assistance Agency (*id.* ¶ 19), and disputes the authenticity of the Certificate of Indebtedness (*id.* ¶¶ 11-14).

Lindahl challenges the authenticity and validity of the Promissory Notes, Certificate of

Indebtedness, and assignment of the debt, arguing they are unenforceable because the United States has presented only copies and has failed to properly authenticate the copies. Lindahl essentially challenges the representations that were made by the loan analyst who signed, under penalty or perjury, the Certificates of Indebtedness.

However, the United States may establish the prima facie elements of its case by producing the promissory note and certificate of indebtedness signed under penalty of perjury. *See United States v. Davis*, 28 Fed. App'x. 502, 503 (6th Cir. 2002); 28 U.S.C. § 1746 (Declarations made under penalty of perjury may be submitted in lieu of affidavits in federal court.). Applied here, the United States has established its prima facie case by showing that Lindahl signed the Promissory Notes and, as stated in the Certificate of Indebtedness which is signed under penalty of perjury, the Department of Education now owns the right and title to Lindahl's loans by virtue of its reinsurance agreement, and the loans have not been repaid.[1] (Dkt. 8-2).

Lindahl cannot seriously dispute that his signature appears on the promissory notes. To the contrary, he contends that he paid off the loans, implicitly conceding they existed. However, Lindahl swears that he has paid the loans in full. While he does not submit any evidence in support of this self-serving allegation, he submits that because at least thirty-nine years have passed, his bank records are not available. There is some authority from the Eleventh and Fifth Circuits that this kind of self-serving allegation is not the type of "significant probative evidence" required to defeat summary judgment. *Carter*, 506 F. App'x at 859; *United States v. Lawrence*, 276 F.3d 193, 197 (5th

---

[1] *See also Carter*, 506 F. App'x at 858 (11th Cir. 2013) ("The government did not have to produce the original promissory note in order to recover on the note because, as held in persuasive authority, the note is not a negotiable instrument subject to Florida's commercial paper law.").

Cir. 2001).[2] And, "an affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact." *Pace v. Capobianco*, 283 F.3d 1275, 1278–79 (11th Cir. 2002).

However, the Fifth Circuit's opinion is not binding and is somewhat distinguishable, and the Eleventh Circuit's opinion is also distinguishable. In *Carter*, a similar action to collect on a student loan, the defendant created a "Payments to Sallie Mae Chart" which the court found "contained conclusory allegations without specific supporting facts, such that it lacked probative value" given that the defendant did not swear to the accuracy of the chart. *Carter*, 506 F. App'x at 859. Even though the court also found that the defendant's amended chart, which she swore was accurate, "lacked supporting evidence, such as copies of the actual bank statements that Carter used to create the chart," and therefore she had failed to carry her burden and show that the government had failed to properly credit her past payments, the chart contained payment history from 2006-2009, less than ten years before the case was filed. *Carter*, 506 F. App'x at at 859–60. In this case, Lindahl swears that he paid the loans from 1978-1989, almost thirty years ago, and that his bank records are not available. The alleged default occurred nearly forty years ago (1978) and the United States waited nearly sixteen years to pursue this lawsuit. Under the specific circumstances of this case, I find that Lindahl's affidavit in which he swears to have made payments in the full amount of the loan, which were collected by the guarantor, but not credited to his account, is enough to create a disputed issue

---

[2] "Lawrence's only response was an affidavit testifying that in 'approximately 1981,' a third party, Oscar Peterson, paid Lawrence's debts for him. Lawrence produced no evidence of this payment. Peterson is now dead, and Lawrence has no documentation confirming Peterson's repayment of the loans; it does not seem any such evidence exists. Such self-serving allegations are not the type of 'significant probative evidence' required to defeat summary judgment." *Lawrence*, 276 F.3d at 197.

of material fact over the information contained in the one page Certificate of Indebtedness.[3]

Lindahl also argues that it would be inequitable to allow this case to proceed given that thirty-nine years have passed without any collection efforts. However, there is no statute of limitations to bar the United States from filing an action for repayment of a defaulted student loan. *See* 20 U.S.C. § 1091a; *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir.1993) (Congress eliminated all statutes of limitations for lawsuits by the United States to collect defaulted student loans, which applied retroactively and revived previously barred actions). Similarly, laches is not a defense to an action brought by the United States to enforce its rights. *See Herman v. South Carolina Nat. Bank*, 140 F.3d 1413, 1427 (11th Cir.1998) (citing *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940)).

Finally, Lindahl argues that the United States violated the FDCPA by failing to notify him of his ability to challenge the debt, and the FCCPA by failing to notify him of the assignment of the debt pursuant to Fla. Stat. § 559.715, rendering the assignment invalid. To the extent this argument is raised in his motion to dismiss and other pleadings, Lindahl has cited no authority that would support dismissal based on a plaintiff's violation of the FDCPA or that would permit a violation of the FDCPA to be raised as an affirmative defense. And because he had already filed an answer in response to the complaint, there is no obligation to consider his motion, which is procedurally improper. *See United States v. Jallali*, 478 F. App'x 578, 581 (11th Cir. 2012).

---

[3] "At summary judgment, the court must draw all reasonable inferences in favor of the nonmovant, should not weigh the evidence, and should refrain from making credibility determinations about competing affidavits." *Carver v. Nelson*, No. 15-13323, 2017 WL 127546, at *1 (11th Cir. Jan. 13, 2017); *Mack v. Anderson Elec. Co.*, 580 F.2d 191, 192 (5th Cir. 1978) ("[I]ssues which turn on the credibility of affidavits are particularly inappropriate for summary judgment.").

## IV. CONCLUSION

Lindahl has raised a genuine issue of material fact on the issue of default, and the United States is not entitled to judgment as a matter of law.

Accordingly,

1. Plaintiff's Motion for Summary Judgment (Dkt. 8) is **DENIED**.

2. Defendant's Motion to Strike (Dkt. 15) and Motion to Dismiss (Dkt. 14) are **DENIED**.

3. A case management conference and preliminary pretrial conference is set for **Tuesday, March 28, 2017 at 2:00 P.M.** in Courtroom 13B of the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave, Tampa, FL 33602.

**DONE AND ORDERED** this _14th_ day of March, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record, pro se parties