FILED

2017 MAR 28 PM 2:33

UNITED STATES OF AMERICA
    Plaintiff.

vs.                Civil Action No. 8:16-CV-01614-JDW-JSS

CHARLES R. LINDAHL
    Defendant.

_____/

## DEFENDANT'S COUNTER COMPLAINT

COMES NOW, the Defendant and files this Counter Complaint against the Plaintiff's law firm and would show unto this Honorable Court the following, and alleges that:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. 1345.

### VENUE

2. The Plaintiff and Defendant both accept this Court has jurisdiction over the instant case.

### DISCUSSION

3. Defendant asserts Plaintiff's law firm Becker & Poliakoff, P.A. jointly, and specifically, Steven M. Davis, esq. has violated Defendant's rights under FDCPA, 15 U.S.C. 1692(g) § 809 (a) 1-5, and (b)(d), for failure to make any initial communication before the instant lawsuit with Defendant as a consumer.

Defendant had no knowledge of any alleged debt and nothing was showing in his credit report. Plaintiff therefore violated the aforesaid statute and Defendant's 30 day right to dispute the alleged debt or any portion thereof, and obtain written validation of the debt. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication. Employees of a debt collection company or firm are jointly and severally liable for violations or omissions of FDCPA requirements. *Belin v. Litton Loan Servicing L.P., 2006 WL 1992410 (M.D. Fla. July 14, 2006), Vega v. McKay, 351 F. 3d 1334 (11th circuit 2003), McKnight v. Benitez, 176 F. Supp. 2d 1331 (M.D. Fla. 2001).*

4. The FDCPA was enacted by Congress "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasion of individual privacy". *Miller v. Payco, 943 F.2d 482(1991)*

5. The Sixth Circuit has concluded that officers and employees of a debt collection company may be held personally liable under the FDCPA. *Kistner v. Law Offices of Michael P. Margelefsky, LLC. 518 F. 3d 433,435-38 (2008) Piper v. Portnoff Law Assoc., 274 F. Supp.2d 681, 689-90 (E.D. Pa. 2003)*

6. Three threshold requirements are necessary to recover under the FDCPA:
   a. The Complainant must be a "consumer".
   b. The Respondent must be a "debt collector".
   c. The Respondent must have committed some act or omission in violation of the FDCPA.

2

*Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997) see also 15 U.S.C § 1692a(3)(6).*

7. The FDCPA provides for enforcement as though it were an FTC rule. *15 U.S.C § 1692(a).* Thus FDCPA violations or omissions can be punished under the Federal Trade Commission Act, which provides civil penalties in an action by an individual of up to $1000.00 per each violation, in addition attorney fees and costs may be assessed, per § 1692k (a)(2,3) on any person, partnership or corporation which violates any rule, with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act or omission is unfair or deceptive and is prohibited by such rule. *Crossley v. Lieberman, 868 F.2d 566 (1989), Addison v. Braud, 105 F.3d 223 (1997), Carroll v. Wolpoff & Abramson, 961 F.2d 459 (1992), United States v. National Financial Services, Inc. 98 F.3d 131 (1996)*

8. Section § 1692g requires a debt collector to provide, in its initial communication with a consumer or within five days of that time, a debt validation notice informing the consumer of his or her right to dispute the validity of the debt. A separate violation occurs every time a required validation notice is not provided, thus the initial communication and the validation notice are each separate violations of § 1692g.

9. Plaintiff's attorney is a debt collector, who regularly collects debts for a third party, as such he is required to abide by the requirements of the Federal FDCPA. *Heintz v. Jenkins, 514 U.S. 291 (1995)* He is required to make an initial communication with the consumer in connection with the collection of any debt, and is required to send the consumer a written validation notice.

10. Presumably the attorney's frequent use of the Federal Courts gave him adequate knowledge of the requirements of the FDCPA rules, and Complainant contends any reasonable person would conclude Respondent's actions were deliberate and willful with malice. Complainant asserts the attorney's non-compliance was intentional, with the expectation that the majority of student loan lawsuits become default judgments for failure to answer. The Respondent cannot seriously dispute he was unaware of the FDCPA rules, given the frequency at which he files collection lawsuits. Complainant asserts due to Respondent's failure to provide the mandatory initial communications, and 30 day validation disclosure before the instant lawsuit, Respondent lacked standing to file this action, for failure to comply with the requirements of 15 U.S.C. 1692g § 809 (a) 1-5, and (b)(d).

11. However, the FDCPA is considered a strict liability statute, meaning a consumer need not show that the debt collector intentionally,

fraudulently, or knowingly violated the act. *Randall v. Nelson & Kennard, 2010 W.L. 3636258 (D. Ariz. Sept. 20, 2010, Irwin v. Mascott, 94 F. Supp. 2d 1052 (N.D. Cal. 2000)*

12. Because the FDCPA is a strict liability statute, a debt collector violates the act by failing to provide a proper validation notice, even if there was little or no harm to the consumer. By failing to provide a proper initial communication and validation notice in violation of § 1692g (a) 3,4.5(d), motion to dismiss by Defendant *(ACB Receivables Mgmt.)* was Denied, and Plaintiff sufficiently pled cognizable claims pursuant to the act. *Rosamilia v. ACB Receivables Mgmt. Inc. 2009 WL 1085507(D.N.J. April 22, 2009.* Only one violation of the FDCPA is necessary to establish civil liability. *Agueros v. Hudson & Kyse, LLC. 2010 WL 3418286 (Tex. App. Aug. 31, 2010), Cacace v. Lucas 775 F.Supp. 502, 505(D Conn 1990).*

WHEREFORE, all premises considered, it is respectfully requested that this Honorable Court grant the Defendant's Counter Complaint, and award actual damages as the Court deems just and proper, and maximum statutory damages of $2000.00 per 15 U.S.C. 1692k (a) 2(A), for two(2) blatant infractions of the FDCPA, by Becker & Poliakoff and Steven M. Davis, in accordance with statute and case citation precedent presented, as the legal authority's specified.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Defendant's Counter Complaint was mailed to Plaintiff's attorney at: Steven M Davis, Becker & Poliakoff, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134.

*Charles R. Lindahl   3-28-17*

Respectfully submitted
Charles R. Lindahl, pro se
1103 Sedeeva Street
Clearwater, FL 33755
727-724-4099