UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No: 8:16-cv-1614-T-27JSS

CHARLES R. LINDAHL,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees ("Motion") (Dkt. 38), and Defendant's response in opposition (Dkt. 41). For the reasons that follow, the Motion is granted.

On May 22, 2017, this Court denied Defendant's motion to compel Plaintiff's production of documents because (1) Defendant filed the motion before Plaintiff's time for responding to the request for production had expired, and (2) Plaintiff filed a notice attaching its response to the production request (Dkt. 36-1), which was timely served on Defendant. (Dkt. 37.)

In the Motion, Plaintiff seeks its attorney's fees incurred in responding to Defendant's motion to compel. (Dkt. 38.) Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), if a motion to compel discovery is denied, the court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Defendant's motion to compel was not substantially justified. Although Defendant is pro se, the Eleventh Circuit requires pro se litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296,

1304 (11th Cir. 2002). Defendant filed the motion to compel before Plaintiff's time for responding to Defendant's request for production had expired. (Dkt. 37.) Further, in his response, Defendant has raised no circumstances making an award of expenses unjust. Defendant argues that Plaintiff would have incurred these costs "in the normal course of a case," (Dkt. 41), but this is not the case because Plaintiff incurred the costs of defending a prematurely-filed motion to compel.

Plaintiff's counsel seeks $660 in attorney's fees for counsel's time spent responding to the motion to compel, which represents 3.3 hours at counsel's billing rate of $200 per hour. (Dkt. 38, Ex. A.) Upon review of Plaintiff's counsel's affidavit (Dkt. 38, Ex. A), the Court awards Plaintiff $660 as its reasonable expenses incurred in opposing Defendant's motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorney's Fees (Dkt. 38) is **GRANTED**. Within thirty (30) days of this Order, Defendant shall pay Plaintiff $660, care of Plaintiff's counsel, Steven M. Davis, Becker & Poliakoff, PA, Suite 1000, 121 Alhambra Plaza, Coral Gables, FL 33134.

**DONE** and **ORDERED** in Tampa, Florida, on June 5, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party
    Charles R. Lindahl
    1103 Sedeeva Street
    Clearwater, FL 33755